# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re:<br><br>Derek Henry Siltala,<br><br>        Debtor. | Case No.: 11-60226-DDO<br><br>Chapter 7 |
| Alpha Assets Corp. as assignee of<br>Network F.O.B., Inc.,<br><br>        Plaintiff,<br><br>vs.<br><br>Derek Henry Siltala, d/b/a<br>Johanning Trans-Fare,<br><br>        Defendants. | Adversary No.: |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBTS

**COMES NOW,** Alpha Assets Corp. ("Alpha"), as assignee of Network F.O.B., Inc. ("FOB"), and for its Complaint against Defendant Derek Henry Siltala d/b/a Johanning Trans-Fare, states and alleges as follows:

## PARTIES

1. Alpha Assets Corp., as assignee of Network F.O.B., Inc. is a limited liability company organized under the laws of the State of New York, with its principal offices located in New York, New York.

2. Siltala is an individual who now resides in Mountrail County, City of Stanley, State of North Dakota, and who has, in the past, transacted business in the name of Johanning Trans-Fare (collectively "Siltala").

## JURISDICTION AND VENUE

3. This adversary proceeding is brought pursuant to Bankruptcy Rule 7001 and arises under 11 U.S.C. § 523.

4. This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. §§ 157 and 1334, Local Rule 7004-2, and Bankruptcy Rule 7001(6).

5. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(1).

6. Venue is proper pursuant to 28 U.S.C. §1409.

7. The petition commencing this bankruptcy case was filed under chapter 7 of title 11 of the U.S. Code (the "Bankruptcy Code") on March 8, 2011.

## BASIS FOR NON-DISCHARGEABILITY

8. Between October 23, 2006 and December 6, 2010, FOB contracted with Siltala to transport various freight shipments.

9. As of October 11, 2010, FOB owed Siltala the total amount of $5,140.77 for services received.

10. On October 11, 2010, FOB initiated a bank transaction intending to pay Siltala the amount of $5, 140.77 via wire transfer.

11. During the wire transfer process, an employee of FOB inadvertently keyed in the date of the transaction (i.e. 101110) in the space provided to enter the dollar amount to be transferred.

12. The wire transfer was sent with the mistaken amount of $101,212.82 still entered.

18. As a result, Siltala received $96,072.05 more than the amount legitimately owed to him.

19. On December 1, 2010, when FOB realized that it had wire transferred $96,072.05 more than it had intended, it immediately contacted the Siltala via telephone and requested that the overpayment be returned.

20. Siltala agreed that the excess amount wired should be returned and that he would discuss with FOB arrangements for the immediate return of the money.

21. Later in the day on December 1, 2010, during a separate phone call, Siltala told FOB that he no longer had the money as he had converted it to other uses.

22. In yet another conversation with FOB on December 1, 2010, Siltala indicated he was aware of the sizable overpayment in the wire transfer at the time it occurred on October 11, 2010, because the bank had contacted him that day due to the size of the deposit.

23. On December 2, 2010, FOB filed a report of theft against Siltala with the Eagan, Minnesota police department because Siltala had failed to return the amount of the overpayment.

24. FOB received two checks from Siltala on December 2, 2010. Check # 6392 was drawn in the amount of $4,166.67 and check # 6768 was drawn in the amount of $10,000.00.

25. On January 26, 2011 FOB received another check from Siltala. This check was numbered 6779 and was drawn 'in the amount of $10,000.00.

26. FOB deposited Siltala's check number 6768 in the amount of $10,000.00 on February 11, 2011. This check cleared.

27. On February 17, 2011 FOB deposited Siltala's check number 6799 in the amount of $10.000.00.

28. FOB deposited Siltala's check number 6392 in the amount of $4,166.67 on February 24, 2011.

29. On February 24, 2011, FOB was informed by its bank that Siltala's check number 6799 was returned unpaid because Siltala had issued a stop payment order on the check.

30. On March 3, 2011, FOB was informed by its bank that Siltala's check number 6392 was returned unpaid because Siltala had issued a stop payment order on the check.

31. On or about December 7, 2010, FOB offset amounts due by FOB to Siltala in the amount of $6,147.69.

32. On or about December 9, 2010, FOB offset amounts due by FOB to Siltala in the amount of $1,180.52.

33. Despite repeated demands for repayment, Siltala remains indebted to FOB after offsets in the amount of $78,743.84 as of December 13, 2010, per the statement of account attached hereto as Exhibit H, plus interest, attorney fees, and costs.

34. Each of the actions described herein was intentionally and willfully taken by Siltala, or at Siltala's specific or implicit direction, with Siltala possessing knowledge that such action violated FOB's rights and interests, and would cause direct and material damage to FOB.

35. As a result of Siltala's actions, FOB has suffered direct and substantial damage.

## COUNT I
## Willful and Malicious Injury to the Property of Another – 11 U.S.C. § 523(a)(6)

36. FOB restates the allegations in paragraphs (1-35) as though fully set forth herein.

37. FOB alleges Siltala is not entitled to a discharge with regard to the amounts owed to FOB pursuant to the provisions of 11 U.S.C. § 523(a)(6) because the debt is the result of Siltala's willful and malicious attempt to injure FOB.

38. By converting the funds, Siltala voluntarily and willfully took actions inconsistent with FOB's ownership interest in the funds.

39. Siltala knew, or should have known, that injury to FOB's property would be caused by his actions relating to the funds in question.

40. As a result of Siltala's improper acts, FOB has been injured in the amount of $78,743.84, in addition to attorney fees and costs incurred by FOB in bringing this action.

41. Based upon the foregoing, Siltala's debt to FOB is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

## COUNT II
## Larceny - 11 U.S.C. § 523(a)(4)

42. FOB restates the allegations in paragraphs (1-35) as though fully set forth herein.

43. Siltala is not entitled to a discharge pursuant to the provisions of 11 U.S.C. § 523(a)(4) because the debt was obtained through larceny.

44. Siltala engaged in larceny by unlawfully taking FOB's personal property with the intent to permanently deprive FOB of its possession of the funds.

45. Siltala knew, or should have known, he was not entitled to the funds as of October 11, 2010.

46. As a result of Siltala's improper acts, FOB was injured in the amount of $78,743.84, in addition to the attorney fees and costs incurred by FOB in bringing this action.

47. Based upon the foregoing, Siltala's debt to FOB is non-dischargeable pursuant to 11 U.S.C. § 523(a)(4).

## COUNT III
### Renewal of Judgment

48. Siltala's conduct, as detailed above, was the subject of an adversary no. 11-06016. A Judgment was entered against Siltala in that adversary action on June 1, 2011 in the United States Bankruptcy Court, District of Minnesota, in the amount of $78,734.84.

49. The purpose of this Adversary Complaint is to renew the original judgment as referenced above.

**WHEREFORE,** Plaintiff respectfully requests an order of this Court:

1. For renewal of the judgment that determined the obligation of Siltala to the Plaintiff in the sum of $142,637.02, together with interest accruing at the rate of $21.58 from and after May 28, 2021, and all costs and attorneys' fees incurred by the Plaintiff, represents a debt nondischargeable under 11 U.S.C. § 523 in the closed Chapter 7 proceeding, or in any other subsequent bankruptcy, insolvency, or reorganization proceeding in which Siltala is involved severally or in any combination with one or more third parties under the Bankruptcy Code or any other successor legislation; and

2. Granting such other relief as the Court deems just and equitable.

Dated this 28th day of May, 2021.

**VOGEL LAW FIRM**

BY: */s/ Jon R. Brakke*
Jon R. Brakke (#10765)
jbrakke@vogellaw.com
218 NP Avenue
PO Box 1389
Fargo, ND 58107-1389
PH: 701.237.6983
ATTORNEYS FOR PLAINTIFF

4432606.1